IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Case No.: 2:23-cr-117-RAH-SMD |
| | ) |
| JASON STEVEN MCWILLIAMS | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Defendant Jason Steven McWilliams ("McWilliams") is charged with conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846 and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). Indictment (Doc. 31). Officers seized a gun when they stopped McWilliams for a traffic violation. McWilliams argues that the traffic stop was unlawful and therefore moves to suppress the evidence seized from the vehicle and all other evidence subsequently obtained as fruit of the poisonous tree. Mot. (Doc. 68). For the following reasons, the undersigned recommends that McWilliams's motion to suppress be denied.

**I.   FINDINGS OF FACT[1]**

On February 27, 2019, Officer Q.D. Jackson ("Officer Jackson"), an officer with the Montgomery Police Department, was patrolling the area of Carmichael Road in Montgomery, Alabama. Tr. (Doc. 78) pp. 4-5. Officer Jackson observed McWilliams

---

[1] The court reaches findings of fact at a suppression hearing based on a preponderance of the evidence. *United States v. Beechum*, 582 F.2d 898, 913 n.16 (5th Cir. 1978) (citing *Lego v. Twomey*, 404 U.S. 477, 489 (1972)).

travelling on a roadway that connected the Budgetel Inn to Carmichael Road.[2] *Id*. at 5-7. Officer Jackson saw McWilliams turn left onto Carmichael Road—a four lane public highway—without signaling. *Id*. at 7-8. Officer Jackson followed McWilliams to the intersection of Carmichael Road and Eastern Boulevard, where McWilliams again failed to signal as he turned right onto Eastern Boulevard. *Id*. at 8-9. Officer Jackson initiated his lights and McWilliams pulled into a parking lot. *Id*. at 8-9, 20.

Officer Jackson asked McWilliams for his driver's license. *Id*. at 9. McWilliams said he did not have one. *Id*. McWilliams reached into a bag, and Officer Jackson asked him to exit the vehicle. *Id*. at 10-11, 19. McWilliams was handcuffed and placed in the back of a patrol vehicle. *Id*. at 18. A K-9 dog that was already on the scene performed an open-air sniff of the vehicle and alerted on the passenger side. *Id*. at 11, 17. Officers searched the vehicle and found a firearm near the steering wheel. *Id*. at 11-12. They also recovered ten thousand dollars in cash from McWilliams's pocket. *Id*. at 12.

Officers subsequently obtained warrants to search (1) the vehicle McWilliams was driving, (2) an iPhone, (3) a FedEx package, and (4) 4200 Andova Drive. It is not clear what evidence, if any, was obtained as a result of those searches.

## II.   LEGAL STANDARD

The Fourth Amendment protects individuals from unreasonable searches and seizures. *See* U.S. Const. amend. IV. When a defendant moves "to suppress evidence garnered through a warrantless search and seizure, the burden of proof as to the

---

[2] It is unclear whether this connecting road is private or public.

reasonableness of the search rests with the prosecution." *United States v. Freire*, 710 F.2d 1515, 1519 (11th Cir. 1983) (emphasis removed). To sustain this burden, the "Government must demonstrate that the challenged action falls within one of the recognized exceptions to the warrant requirement, thereby rendering it reasonable within the meaning of the [F]ourth [A]mendment." *Id.* But when a defendant moves to suppress evidence seized as a result of a search warrant, the defendant bears the burden of establishing that the warrant is defective. *United States v. Lockett*, 533 F. App'x 957, 965 (11th Cir. 2013) (citation omitted) ("When a search is conducted pursuant to a warrant, the burden is on the defendant to show that the warrant is invalid.").

## III.  DISCUSSION

McWilliams argues that his Fourth Amendment rights were violated when Officer Jackson conducted the traffic stop. Mot. (Doc. 68) pp. 10-14. Specifically, McWilliams asserts that Officer Jackson lacked reasonable suspicion or probable cause to stop him because he did not commit a traffic infraction when he turned onto Carmichael Road from the roadway leading to the Budgetel Inn. *Id*. at 12-13. McWilliams asks the Court to suppress the evidence obtained as a result of the traffic stop and all evidence obtained from the subsequent search warrants as fruit of the poisonous tree. *Id.*

### A. Officer Jackson had reasonable suspicion to conduct the traffic stop.

"A traffic stop is a seizure within the meaning of the Fourth Amendment." *United States v. Purcell*, 236 F.3d 1274, 1277 (11th Cir. 2001) (citing *Delaware v. Prouse*, 440 U.S. 648, 661 (1979)). To comply with the Fourth Amendment, the officer must have reasonable suspicion to conduct a traffic stop. *Heien v. North Carolina*, 574 U.S. 54, 60

3

(2014) ("All parties agree that to justify [a traffic stop], officers need only reasonable suspicion[.]" (quotation omitted)). That is, the officer must have "a particularized and objective basis for suspecting the person stopped of criminal activity." *Navarette v. California*, 572 U.S. 393, 396 (2014). Criminal activity includes even minor traffic violations. *See United States v. Chanthasouxat*, 342 F.3d 1271, 1277 (11th Cir. 2003). Under Alabama law, drivers may turn only after "giving an appropriate signal." ALA. CODE § 32-5A-133(a). Failure to properly use a turn signal, then, provides reasonable suspicion to justify a traffic stop. *United States v. Blackmon*, 536 F. App'x 944, 946 (11th Cir. 2013).

Here, it is undisputed that Officer Jackson observed McWilliams turn onto Eastern Boulevard from Carmichael Road without using a signal.[3] Because failure to properly signal violates Alabama traffic law, Officer Jackson had reasonable suspicion (and likely probable cause) to stop McWilliams. As such, McWilliams's constitutional rights were not violated by the traffic stop and the evidence obtained from the stop should not be suppressed.[4]

---

[3] McWilliams did not testify and presented no evidence at the evidentiary hearing challenging Officer Jackson's testimony that he did not signal when turning onto Eastern Boulevard. Although McWilliams's counsel alluded to a body-cam video in which he contends that Officer Jackson stated that McWilliams used a turn signal when turning onto Eastern Boulevard, that body-cam footage was not introduced into evidence.

[4] McWilliams does not argue that the scope or length of the traffic stop was unlawful, nor does he make any substantive argument regarding the lawfulness of his detention. Therefore, McWilliams has waived these challenges and the undersigned will not delve into their legality. *See* Arraignment Order (Doc. 44) ("Motions to suppress must allege specific facts which, if proven, would provide a basis of relief. This court will summarily dismiss suppression motions which are supported only by general or conclusory assertions founded on mere suspicion or conjecture. **All grounds upon which the defendant relies must be specifically stated in the motion in separately numbered paragraphs in a section of the motion which is labeled 'Issues Presented'. Grounds not stated in the 'Issues Presented' section of the motion will be deem to have been waived.** See generally United States v. Richardson, 764 F.2d 1514, 1526-27 (11th Cir. 1985).) (emphasis in original).

### B. The evidence subsequently obtained via search warrants should not be suppressed as fruit of the poisonous tree.

After the traffic stop, officers obtained four search warrants to search (1) the 2014 Nissan Rogue McWilliams was driving, (2) an iPhone, (3) a FedEx package, and (4) 4200 Andova Drive. Mot. (Doc. 68) pp. 16-20.[5] McWilliams argues that each of these warrants are tainted under the fruit of the poisonous tree doctrine because the initial traffic stop violated the Fourth Amendment. *Id*.

Under the fruit of the poisonous tree doctrine, evidence obtained as a result of an unlawful search is subject to exclusion. *See Wong Sun v. United States*, 371 U.S. 471, 485 (1963). The doctrine encompasses both the "primary evidence obtained as a direct result of an illegal search or seizure" and, relevant here, "evidence later discovered and found to be derivative of an illegality," the so-called "'fruit of the poisonous tree.'" *Segura v. United States*, 468 U.S. 796, 804 (1984). To trigger the fruit of the poisonous tree doctrine, a defendant must first show illegal or unconstitutional conduct on behalf of the Government. *See id.* at 112-13. Put simply, if there is no poisonous tree, there can be no fruit to suppress. *See*, *e.g.*, *Colorado v. Spring*, 479 U.S. 564, 571 (1987); *see also United States v. Perez*,

---

[5] It is unclear whether McWilliams has met his burden to show that he has standing to challenge these searches because McWilliams has not identified—either in his motion or during the evidentiary hearing—his connection to these items and address. It is the defendant's obligation to put forth "specific facts" in his motion to suppress that are sufficient to demonstrate a reasonable expectation of privacy in the property searched. *United States v. Cooper*, 203 F.3d 1279, 1284 (11th Cir. 2000). However, the Government has not argued that McWilliams lacks standing to challenge the searches. *See* Resp. (Doc. 70). Therefore, because Fourth Amendment standing is not the same as Article III standing, the undersigned finds that the issue is waived and will assume for purpose of this Recommendation that McWilliams has standing to challenge the searches. *See United States v. Ross*, 964 F.3d 1034, 1040 (11th Cir. 2020) ("Unlike Article III standing—which constrains the federal 'judicial Power' and constitutes a nonwaivable jurisdictional limitation—Fourth Amendment 'standing' is an ordinary, and waivable, aspect of the merits of a defendant's constitutional challenge.").

2020 WL 9554484, at *10 (M.D. Fla. Nov. 3, 2020), *report and recommendation adopted*, 2021 WL 1345973 (M.D. Fla. Apr. 12, 2021), *aff'd*, 2022 WL 3452470 (11th Cir. Aug. 18, 2022) (collecting cases). In other words, a defendant's "Fourth Amendment fruit of the poisonous tree argument plainly collapses" if his "Fourth Amendment rights were never violated." *United States v. Lopez-Garcia*, 565 F.3d 1306, 1315 (11th Cir. 2009).

As explained above, Officer Jackson did not violate McWilliams's Fourth Amendment rights by conducting the initial traffic stop. Thus, McWilliams's argument that all subsequently obtained evidence must be suppressed as "fruit of the poisonous tree" fails. *See, e.g.*, *United States v. Gardner*, 2012 WL 3069953, at *4 (M.D. Ala. June 27, 2012) (finding that the defendants' fruit of the poisonous tree argument failed when the defendants' fourth amendment arguments, which were predicated on an unlawful traffic stop, failed). Therefore, the evidence obtained from the subsequent searches of the Nissan Rogue, iPhone, FedEx package, and Andover address should not be suppressed.

## IV. CONCLUSION

For the reasons stated above, the undersigned RECOMMENDS that McWilliams's Motion to Suppress (Doc. 68) be DENIED. It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before September 6, 2023**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District

Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 23rd day of August, 2023.

/s/ Stephen M. Doyle

Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE